David W. Knotts, ISB No. 3627
HAWLEY TROXELL ENNIS & HAWLEY LLP
877 Main Street, Suite 1000
P.O. Box 1617
Boise, ID 83701-1617
Telephone: 208.344.6000
Facsimile: 208-954-5201
Email: dknotts@hawleytroxell.com

Attorneys for Defendant CINCINNATI
INSURANCE COMPANY

## UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JACK DALTON,<br><br>         Plaintiff,<br><br>vs.<br><br>CINNCINATTI INSURANCE COMPANY,<br><br>         Defendant. | Case No. _____<br><br>NOTICE OF REMOVAL |

TO:     UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO

The Defendant CINCINNATI INSURANCE COMPANY ("Cincinnati") respectfully alleges as follows:

1.     This Notice of Removal is filed pursuant to 28 U.S.C. § 1446(a) and (b) for the purpose of removing this action from the District Court of the Sixth Judicial District of the State of Idaho for the County of Bannock to this Court.

NOTICE OF REMOVAL - 1

2.      Plaintiff filed his Summons and Complaint against Cincinnati on January 18, 2018. The Idaho Department of Insurance ("Department") was served with a copy of the Summons and Complaint on February 5, 2018. On February 6, 2018, the Department sent by mail to Cincinnati a Notice attaching the Summons and Complaint ("Notice"). True and correct copies of the Notice and the Summons and Complaint are attached hereto as **Exhibit A**. This action was brought in the District Court of the Sixth Judicial District of the State of Idaho for the County of Bannock and assigned case number CV-18-227-OC. The District Court of the Sixth Judicial District of the State of Idaho for the County of Bannock is located within the jurisdiction of the United States District Court for the District of Idaho.

3.      Cincinnati has not yet answered or otherwise responded to Plaintiff's Complaint and, in accordance with 28 U.S.C. § 1446(b), this Notice of Removal is filed within thirty (30) days after service upon Cincinnati of a copy of the Summons and Complaint. Upon information and belief, no other pleadings or papers have been filed in this action with exception of the above-referenced Notice of the Department, the Summons and Complaint filed by the Plaintiff, and Cincinnati's Notice of Removal, a copy of which is attached hereto as **Exhibit B**. A copy of the state court register of actions is attached hereto as **Exhibit C**, current through the filing of the Notice.

4.      Case No. CV-18-227-OC is a civil action in which Plaintiff seeks to recover against Cincinnati for alleged breach of contract and insurance bad faith. The Plaintiff also purports to seek attorney fees and interest.

5.      Removal of this action is proper, pursuant to 28 U.S.C. § 1332, as there is complete diversity of citizenship between Plaintiff and Cincinnati and the amount in controversy

NOTICE OF REMOVAL - 2

exceeds $75,000.00. Upon information and belief, Plaintiff is a citizen of Idaho Falls, Bonneville County, State of Idaho.  Cincinnati is an Ohio corporation with its principal place of business in Ohio. A true and correct copy of the Company Information for Cincinnati on file with the Idaho Department of Insurance, identifying Fairfield, Ohio as Cincinnati Insurance Company's principal place of business, is attached hereto as **Exhibit D**. A true and correct copy of the Ohio Secretary of State's Corporation Details record for Cincinnati, identifying Ohio as Cincinnati Insurance Company's state of incorporation, is attached hereto as **Exhibit E**.

6.      As alleged in the Complaint at ¶¶ 21, 30, and 43, the amount in controversy exceeds the $75,000 jurisdictional requirement for a diversity action.

7.      Pursuant to 28 U.S.C. § 1446, this state court action commenced in the District Court of the Sixth Judicial District of the State of Idaho for the County of Bannock may be removed to the United States District Court for the District of Idaho.

8.      Proper notice will be given this date to Plaintiff herein, by and through his counsel of record, and to the Clerk of the District Court of the Sixth Judicial District of the State of Idaho for the County of Bannock. A true and correct copy of the Notice is attached hereto as **Exhibit B** and, by this reference, incorporated herein as if set forth in full.

WHEREFORE, Cincinnati prays that the above-entitled action pending against it in the District Court of the Sixth Judicial District of the State of Idaho for the County of Bannock be removed to this Court.

47809.0026.10582870.1

DATED THIS 15th day of February, 2018.

                       HAWLEY TROXELL ENNIS & HAWLEY LLP


By               /s/                             
David W. Knotts, ISB No. 3627
     Attorneys for Defendant CINCINNATI
     INSURANCE COMPANY

NOTICE OF REMOVAL - 4

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 15th day of February, 2018, I electronically filed the
foregoing NOTICE OF REMOVAL with the Clerk of the Court using the CM/ECF system
which sent a Notice of Electronic Filing to the following persons:

David A. Johnson, Esq.                    dave@attorneyidaho.com


_____/s/_____
David W. Knotts

# EXHIBIT A

$\mathcal{G}$

State of Idaho
## DEPARTMENT OF INSURANCE

C.L. "BUTCH" OTTER
Governor

700 West State Street, 3rd Floor
P.O. Box 83720
Boise, Idaho 83720-0043
Phone (208) 334-4250   Fax (208) 334-4298
http://www.doi.idaho.gov

DEAN L. CAMERON
Director

RECEIVED

FEB - 9 2018

**To:**   THE CINCINNATI INSURANCE COMPANY
Attn: STEVE CORBLY
PO BOX 145496
CINCINNATI, OH 45250-5496

**CC:**   Plaintiff's counsel (w/o Enclosures) via First Class Mail

**From:** Idaho Department of Insurance

**Date:** 2/6/2018

**Re:**   NOTICE OF SUMMONS AND COMPLAINT OF THE SIXTH JUDICIAL DISTRICT
OF THE STATE OF IDAHO, IN AND FOR THE COUNTY OF BANNOCK CASE
NO. CV 18-227-OC.

JACK DALTON vs CINCINNATI INSURANCE COMPANY

---

YOU WILL PLEASE TAKE NOTICE that a due and regular service of a SUMMONS

AND COMPLAINT, in connection with the above-entitled action, was made upon you by US

MAIL on the FIFTH day of FEBRUARY, 2018, by delivering in Boise, Idaho, on the said date to

the Director of the Department of Insurance, State of Idaho, who is the duly and regularly

appointed Statutory Agent.  A copy of each instrument is enclosed herewith to you as provided by

law.

IN WITNESS WHEREOF, I have hereunto set my hand and the official seal of this office

at Boise, Idaho, this SIXTH day of FEBRUARY, 2018.

Dean L. Cameron /pm
Dean L. Cameron
Director
Department of Insurance
State of Idaho

Cert Num. 70160750000021661394

David A. Johnson, Esq.
David A. Johnson P.A.
Idaho State Bar # 3319
477 Shoup Ave., Suite 109
P.O. Box 52251
Idaho Falls, ID 83405-2251
Telephone 208.535-1000
Facsimile 208.523-4400
Email: dave@attorneyidaho.com

Attorney for Plaintiff

## IN THE DISTRICT COURT OF THE SIXTH JUDICIAL DISTRICT OF THE STATE OF IDAHO, IN AND FOR THE COUNTY OF BANNOCK

| | |
|---|---|
| JACK DALTON,<br><br>                        Plaintiff<br><br>vs.<br><br><br>CINCINNATI INSURANCE COMPANY,<br><br><br><br>                        Defendant. | Case No: CV-18- 227 · OC<br><br><br>SUMMONS |

**NOTICE:**     **YOU HAVE BEEN SUED BY THE ABOVE-NAMED PLAINTIFF.  THE COURT MAY ENTER JUDGMENT AGAINST YOU WITHOUT FURTHER NOTICE UNLESS YOU RESPOND WITHIN 21 DAYS. READ THE INFORMATION BELOW.**

TO: CINCINNATI INSURANCE COMPANY

YOU ARE HEREBY NOTIFIED that in order to defend this lawsuit, an appropriate

written response must be filed with the above-designated Court within 21 days after service of

this Summons on you.  If you fail to so respond, the Court may enter judgment against you as

demanded by the verified Complaint.

1 - SUMMONS

A copy of the Complaint is served with this Summons.  If you wish to seek the advice or representation by an attorney in this matter, you should do so promptly so that your written response, if any, may be filed in time and other legal rights protected.

An appropriate written response requires compliance with Rule 10(a)(1) and other Idaho Rules of Civil Procedure and shall also include:

1.    The title and number of this case.

2.    If your response is an Answer to the Complaint, it must contain admissions of the separate allegations of the Petition and other defenses you may claim.

3.    Your signature, mailing address and telephone number, or the signature, mailing address and telephone number of your attorney.

4.    Proof of mailing or delivery of a copy of your response to Plaintiff's attorney, as designated above.

To determine whether you must pay a filing fee with your response, contact the Clerk of the above-named Court at Bannock County Courthouse, 624 E. Center, Rm 220, Pocatello, Idaho 83201, 208-236-7350.

DATED: January 18, 2018.

ROBERT POLEKI

Clerk of the District Court

By: _____
Deputy

2 – SUMMONS

FILED
BANNOCK COUNTY
CLERK OF THE COURT
2018 JAN 18  AM 10: 08

BY_____
 DEPUTY CLERK

David A. Johnson, Esq.
David A. Johnson P.A.
Idaho State Bar # 3319
477 Shoup Ave., Suite 109
P.O. Box 52251
Idaho Falls, ID 83405-2251
Telephone 208.535-1000
Facsimile 208.523-4400
Email: dave@attorneyidaho.com

ROBERT C. NAFTZ

Attorney for Plaintiff

## IN THE DISTRICT COURT OF THE SIXTH JUDICIAL DISTRICT OF
## THE STATE OF IDAHO, IN AND FOR THE COUNTY OF BANNOCK

| | |
|---|---|
| JACK DALTON,<br><br>              Plaintiff<br><br>vs.<br><br>CINCINNATI INSURANCE COMPANY,<br><br><br>              Defendant. | Case No: CV-18- 227 · 0C<br><br><br>**COMPLAINT**<br><br>Fee Category: A.A.<br>Filing Fee: $221.00  ✓ |

Plaintiff Dalton complains of Defendant for a cause of action, and alleges as

follows:

### PARTIES AND VENUE

1.   Plaintiff Jack Dalton ("Dalton") is a resident of Idaho Falls, Bonneville County,

Idaho.

2.   Defendant Cincinnati Insurance Company ("Cincinnati") is an insurer licensed

and doing business in, and regulated and authorized by, the State of Idaho, to

sell and underwrite automobile insurance policies. Cincinnati is responsible for Dalton's injuries and damages which are not otherwise paid.

3.      DynaParts, LLC, d.b.a. NAPA Auto Parts ("DynaParts") is an Idaho limited liability company and was Dalton's employer at the time of the accident described below, and the owner of the automobile that Dalton was driving at the time of the collision.

4.      Tre Martin (Martin) is a resident of the State of Idaho.  He was the driver of the offending automobile.

5.      The incident took place in Bannock County, State of Idaho.  Venue and jurisdiction are proper within Bannock County.

## GENERAL ALLEGATIONS

6.      On or about March 24, 2016, Dalton was employed as an auto parts shuttle driver, picking up and delivering automobile parts for DynaParts.

7.      On that date, Dalton was on the job for DynaParts, and was driving a 2014 Toyota Yaris (VIN JTDJTU34ED585849) (Yaris).  The Yaris was owned by DynaParts.

8.      DynaParts and the Yaris were insured by Defendant Cincinnati on the relevant date with a policy and contract of insurance, which contained provisions for uninsured/underinsured benefits.

9.      On the above date Dalton was traveling northbound on Interstate I-15.

10.     Tre Martin was traveling behind Dalton in a Volkswagen Jetta.

11.     The Martin vehicle rear ended the Dalton vehicle at a high rate of speed.  This threw Dalton's vehicle into a semi-truck/trailer and then down through the

median, across two southbound lanes of traffic, and onto the far side of the southbound lanes.  The Yaris rolled at least three times in the process.

12.     At all times herein mentioned, Dalton operated his vehicle in a reasonable and prudent manner, with due caution for the circumstances, and in compliance with Idaho and local motor vehicle laws.

13.     At the time of the collision, Martin failed to drive in a reasonable, lawful or prudent manner.  As a result, he struck Dalton's vehicle with his.

14.     The vehicle Martin was driving was a rental car owned by Enterprise Car Rental (Enterprise).

15.     Enterprise did not have any insurance coverage on the vehicle, nor were they required to do so according to Idaho law.

16.     Martin was covered by insurance through Geico insurance coverage.  Dalton has settled with Martin and Geico for the full insurance policy limit of $25,000.00.

17.     Dalton has exhausted his legal remedies against Martin, the owner of the vehicle driven by Martin, and has otherwise satisfied any pre-conditions to seeking coverage through Dynapart's policy of insurance with the Defendant herein.

18.     After exhausting his legal remedies as described above, Dalton has injuries and damages in excess of what has been previously obtained.

19.      Dalton was severely injured as a direct and proximate result of the collision.

20.     Despite all his treatment, he remains in pain and with restricted motion and ability.

21.    As a direct and proximate result of the crash, Dalton suffered physical and mental injuries, including pain and suffering, medical expenses, both present and future, lost income, and other damages in excess of $175,000.00.

## FIRST CLAIM FOR RELIEF

22.    Plaintiff incorporates by reference paragraphs 1 to 21 above.

23.    DynaParts was Dalton's employer and the owner of the vehicle he was driving. Cincinnati is an insurer for DynaParts.

24.    Cincinnati issued in exchange for goods and valuable consideration, a policy of automobile insurance to DynaParts.  The terms and provisions of said policy are incorporated herein by reference.  Cincinnati's contract of insurance provides that it will pay losses in an underinsured loss situation.

25.    The liability insurance contract applicable to Martin (GEICO) in connection with the above described collision did not, and does not, provide adequate coverage for the claims and damages asserted by Dalton.

26.    All of the damages listed above, and others, were proximately caused by the negligence of Martin, without any comparative, failure to avoid the collision or assumption of the risk on the part of Dalton.

27.    Dalton was an intended beneficiary of the underinsured motorist claus(es) in the Cincinnati insurance contract.

28.    Dalton has made proper demand of Cincinnati, and has performed all conditions precedent to this action, but it has failed and refused to pay.

29.    Failure to pay under these circumstances constitutes a breach of the insurance contract, against an intended beneficiary, Dalton.

30.   Dalton is entitled to a judgment against Cincinnati in the sum of $150,000.00 in the event of a default, based upon damages of $175,000.00 minus $25,000.00 recovered from Martin/Geico.  If this matter is contested, Dalton should be awarded the actual amount of his incurred damages in excess of what is plead herein.

## SECOND CLAIM FOR RELIEF

31.   Plaintiff incorporates by reference paragraphs 1 to 30 above.

32.   This is an action for underinsured motorist benefits, by Dalton, for damages sustained due to the negligence of Martin.

33.   On the date of the collision, Cincinnati provided a policy of automobile liability insurance to DynaParts, which constituted a contract in full force and effect.  Said policy provided coverage for Dalton, an employee of DynaParts acting within the scope of his employment, and the driver of DynaParts' car.

34.   Cincinnati's policy of insurance contained clauses which provided coverage for uninsured/underinsured motorists.  The policy provided, among other things, insurance coverage for losses and damages sustained in accidents which were caused by the negligent operation of a vehicle by third persons, when the vehicle is uninsured or underinsured at the time of the accident, and the third person is not otherwise entitled to coverage.

35.   At the time of the collision, Dalton was an "insured" as used in the Cincinnati policy.  Also at the time of the collision, the vehicle Martin was driving was an uninsured motor vehicle.

36.     Martin failed to maintain sufficient coverage for losses such as those suffered by
        Dalton.

37.     The liability insurance applicable covering Martin (GEICO) in connection with the
        above-described collision did not, and does not provide adequate coverage for
        the claims and damages asserted by Dalton.

38.     Dalton has complied with the terms of the contract with Cincinnati, including the
        making of a demand upon Cincinnati, and is entitled to be paid by Cincinnati for
        any and all damages sustained by Dalton resulting from the negligence of Martin.
        Among other things, Dalton has made a detailed written demand of Cincinnati,
        and has provided all medical and other related evidence.  Cincinnati has failed
        and refused to pay.

39.     Cincinnati owed a duty of good faith in dealing with the matters alleged herein.
        Their conduct in refusing to pay shows a lack of good faith.

40.     A copy of the Demand is attached hereto as Exhibit A, and incorporated by
        reference.

41.     Because Dalton's extensive damages and injuries were not paid by Martin or by
        his insurer, GEICO, Cincinnati is liable for same.

42.     Despite proper demand, Cincinnati has so far failed and refused to pay.

43.     Dalton is entitled to a judgment against Cincinnati for $150,000 in the event of a
        default judgment and additional amounts if this matter is contested.

### REQUEST FOR JURY TRIAL

44.     Plaintiff Dalton seeks a jury trial as to all of the matters raised in this complaint.

## REQUEST FOR ATTORNEY FEES

45.   Dalton incorporates by reference paragraph 1-44 stated above.

46.   Dalton has been required to hire the services of an attorney to represent him in this matter.  Pursuant to Idaho Code §§ 12-120(4), 12-121 and IRCP 54, Dalton is entitled to attorney fees and costs incurred in pursuing these claims.

WHEREFORE, PLAINTIFF PRAYS FOR RELIEF AS FOLLOWS:

1.   For a money judgment in favor of Dalton and against Cincinnati in the sum of $150,000.00 if uncontested.  If contested, such judgment should be in the amount as proven at trial;

2.   For interest on all unpaid benefits;

3.   For payment of attorney's fees, if permitted, pursuant to Idaho Code Sections 12-120, and 12-121, and IRCP 54 and other applicable provisions;

4.   For any other and further relief as the Court deems just and equitable under the circumstance.

DATED: January _15_, 2018               .

David A. Johnson P.A.

BY:  _____
     David A. Johnson, Esq.

## VERIFICATION

STATED OF IDAHO)
                                ) ss.
County of Bonneville       )

Jack Dalton, being first duly sworn, deposes and says:

7- COMPLAINT

That he is the Plaintiff in the above-entitled action, and that he has read the foregoing document, knows the contents thereof, and believes that the facts stated herein are true and correct to the best of his knowledge and belief.

Jack Dalton

SUBSCRIBED AND SWORN to before me on January _15_, 2018.

AUDREY JOHNSON
Notary Public
State Of Idaho

Notary Public for Idaho
My Commission Expires: 3-15-21

8- COMPLAINT

# DAVID A. JOHNSON, P.A.

477 Shoup Ave., Suite 109
P.O. Box 52251
Idaho Falls, Idaho 83405-2251

**Attorney &
Family Law Mediator**

Voice: (208)535-1000
Fax: (208) 523-4400
Email: dave@attorneyidaho.com

October 17, 2017

Cincinnati Insurance Company
Claims Department
6200 S. Gilmore Road
Fairfield, Ohio 45014-5141

Re:    **Claim for Compensation**
        My Client:    Jack Dalton
        Your insured:    DynaParts, LLC
        Policy #:    EBA0336127
        Date of Injury:    March 24, 2016

Dear Sirs:

The purpose of this letter is to make a claim for compensation on behalf of Jack Dalton under the underinsured motorist coverage carried by DynaParts, LLC.

Jack Dalton and his wife Sue reside in Idaho Falls, Idaho. He was employed as a shuttle delivery driver for DynaParts, LLC, d.b.a. NAPA Auto Parts. On March 24, 2016, he drove a 2014 Toyota Yaris (VIN JTDJTU34ED585849) to Pocatello, Idaho, dropped off some parts and headed back to Idaho Falls. Jack got onto I-15 North and was headed back to Idaho Falls at about 2:30 p.m. The speed limit on I-15 was 80 miles per hour for automobiles and 70 miles per hour for semi-trucks. The roads were dry, the weather clear and there were no impairments in visibility. Jack was travelling in the right-hand lane initially, traveling at 80 mph and wearing his lap and shoulder belts. About four miles north of Pocatello, he was coming up on a semi-truck, also in the right-hand lane. Jack assessed the situation, including checking his rear view and side mirrors at least twice to insure it was safe to pass the semi. He then signaled, moved slowly into the left-hand lane and started to pass the semi. While he was alongside the semi, he saw a black car behind him in the left hand lane, closing in very quickly. When first observed, the vehicle was about 80-90 yards behind him. Jack stepped on the gas pedal to accelerate, but it was too late and was rammed into. The impact of the black Volkswagen Jetta, driven by Tre Martin, knocked the small Toyota Yaris Jack was driving into the side of the semi. The Yaris then bounced off the semi, veering down through the median, across the two southbound lanes of traffic and into the roadside area west of the southbound traffic. Because of how fast the crash occurred and the impact upon him, Jack does not exactly know the exact point when the Yaris started to roll over and over again. Eventually the vehicle stopped, landing in the upright position.

EXHIBIT _A_

Cincinnati Insurance Company
October 17, 2017
Page 2

Jack saw a lot of blood in the car, which he knew was his as he was the only one in the car. The source of the blood was from a wound on his head that was not life threatening, but Jack didn't know otherwise at the time of the accident. He was provided care, first by a couple of women and eventually from EMT personnel. The EMT's providing support for his neck, extracted him from the car, back boarded him, and placed him on a stretcher. He was transported by ambulance to Portneuf Medical Center in Pocatello, Idaho.

Jack was placed in a trauma room, based upon the medical staff's opinion that this was an injury that had a high probability of being life-threatening or acute impairment of one or more vital organs. The assessment was that Jack had suffered a closed head injury which would explain Jack's head pain, nausea and vomiting. The medical staff also found tenderness in the mid-back and lumbar spine.

Jack spent the night in the hospital. During the night he still suffered from continued headaches, nausea and vomiting. Eventually the nausea and vomiting stopped, and the headaches were reduced with pain medications. The next day, March 25, 2016, Jack was discharged and returned home to Idaho Falls. At the time of the discharge he was prescribed a muscle relaxant, pain medication, and a medication for nausea. He filled the muscle relaxant and pain medication prescriptions, but did not do so for the nausea because of the cost.

Jack went to the emergency room at Eastern Idaho Regional Medical Center on April 1, 2016, after Jack saw a significant discharge of blood in the toilet following a bowel movement. The pain medications Jack was taking was a contributing factor to the bleeding as they caused constipation. The bleeding was stopped by cauterizing the affected area. Also at this time, Jack expressed the fact that he was having pain in his lower back and right hip. With the referral of his physician, Dr. Wallace Baker, Jack was referred to Channing Physical Therapy.

At the first appointment with Channing Physical Therapy, Jack described the pain during rest at a "5/10" level, but much worse with activity. Physical therapy was started at that time with Jack going about three times per week, until approximately May 2016. The pain was decreased for a time during this phase of physical therapy. However, the pain did not go away, but over time again became intense. The physical therapy ended as a result of the Idaho State Insurance Fund not approving any more treatments. In October 2016, the pain and numbness Jack was suffering was too was too much for Jack to stand, and he again sought medical attention from Dr. Baker's office. An MRI was ordered which was done on October 31, 2016. The key findings of this study included:

> L4-L5: There was a moderate broad-based disc bulge endplate
> spur complex and moderate facet spondylosis contributing to
> moderate spinal canal stenosis and mild to moderate bilateral
> neural foraminal stenosis, greater on the right."

Cincinnati Insurance Company
October 17, 2017
Page 3

> L5-S1: Mild to moderate broad-based disc bulge endplate spur
> complex and moderate facet spondylosis results in moderate
> neural formaminal stenosis on the right and severe on the left.
> The endplate spur complete contacts the left S1 nerve.

Physical therapy was again recommended which was done in November and for a couple
of times the first part of December of 2016. The staff at Channing Physical Therapy who
did Jack's treatments noted that they observed neurological changes from the time of the
previous therapy sessions. Again, the Idaho State Insurance Fund (SIF) limited the
physical therapy, even though the problems persisted.

Jack was referred to Dr. Stephen Marano, a neurosurgeon, in January 2017. By this
time, Jack's pain on average was on an "8/10" level. After the initial evaluation, additional
physical therapy was recommended which was done through Rehab Authority, located in
Idaho Falls, Idaho. E.M.G. testing was done and also additional physical therapy was
ordered. The testing shows radiculopathy in the lower back at L5-S1. As to the physical
therapy, the same was done from March through May 2017 and provided some relief from
the pain, but the main pain and numbness remained and continues to this day. Again, the
physical therapy was stopped by the SIF.

The next step for Jack's medical treatment is surgery as described below.

Liability

There should be no dispute that Mr. Martin is responsible for the car accident. Based
upon the evidence, it was likely that Mr. Martin was travelling well in excess of 100 miles
per hour. From the photos of the damage to the involved vehicles, copies of which are
provided herewith, most of the damage to the Volkswagen Jetta was on the front
passenger side and the rear driver side of the Yaris. From our preliminary evaluation,
Mr. Martin was not paying attention and at the last moment, or perhaps even intentionally,
tried to pass on the left shoulder of the northbound lanes, causing the Yaris to be knocked
into the semi to the right. Mr. Martin has admitted his guilt to the charge of Driving in a
Careless or Inattentive manner (State of Idaho, Bannock County Case CR-4589). This is
an admission of liability under Idaho law.

Unfortunately, there is only limited insurance coverage. Mr. Martin was driving a rental
car and was covered under his mother's insurance policy. The Geico Policy has only
$25,000.00 coverage which they are willing to pay in exchange for a full release. Under
Idaho Law, a car rental company is not liable for coverage as the owner of the vehicle, so
we cannot look to Enterprise Car Rentals for recovery. Consequently, we need to make
this claim under DynaParts LLC's policy for underinsured coverage.

Cincinnati Insurance Company
October 17, 2017
Page 4

**Damages**

Provided herewith is a letter from Dr. Stephen Marano, dated September 21, 2017, which substantiates that my client's medical conditions are the direct result of the March 24, 2016, motor vehicle crash.

The damages to Mr. Dalton include:

1. <u>Past Medical Costs.</u>  The medical expenses that my client has incurred to date are $35,000.00 which are itemized in Exhibit A, entitled "Damages Outline."   Most of these expenses were covered by SIF as this was a worked related injury.  SIF has authorized me as part of this action to collect their subrogated claim. The amount that is subject to reimbursement is $15,113.65.

2. <u>Future Medical Expenses.</u>  Jack has chosen to have Cortisone injections.  Jack will need to have the two laminectomies with bilateral foraminotomies at L4-5 and L5-S1. Jack understands that the surgery is not a cure-all and does not want to immediately proceed with the surgery, both because of the risks involved in the same and also to better prepare himself for the same. The projected cost of the surgery alone is approximately $55,000.00. Other care expenses, including physical therapy, medications, injections, follow up care etc., would easily exceed $25,000.00.

3. <u>Lost income.</u>  Although Jack is of the age when most people retire, he has been required to continue working to supplement his social security benefits to support him and his wife.  His income has been approximately $19,000.00 per year.  Jack has lost $2,113.97 in lost income so far from the crash.  SIF has $1,416.34 as TTD benefits.  As to future lost income, driving causes him significant pain, particularly if he has to make moderate drives, which limits his available work hours.  A conservative estimate of lost income is $25,000.00.

4. <u>General Damages.</u>  The accident has caused significant changes in Jack physically, emotionally and limits what he can do.  Jack will never be the same as he was before he was hit.  Some of the differences Jack has noted include:

   a. Pain in lower back and radiating down the leg.  Physical therapy has helped, but he still suffers from pain, which sometimes is very severe.  Some of the activities that trigger the increased pain include driving for more than an hour, household tasks for more than 15-20 minutes, walking up or down stairs, and lifting anything more than 40 pounds.

   b. Decreased mobility.  For example, getting in and out of a bath is difficult.

   c. Walking causes constant pain, but he still does it for health reasons.

Cincinnati Insurance Company
October 17, 2017
Page 5

     d.  Sleeping is difficult and entering a deep sleep is impossible. Lying down is also difficult to do.

     e.  Emotional problems caused by the accident include extreme anxiety when encountering situations similar to the crash, particularly being near semis on the road. Relationships with his wife and others have been strained because of decreased mobility, fear of traveling, irritability and impatience due to pain.

     f.  Trauma and pain caused by the accident including the experiencing of the crash, the threat of impending doom, the pain of his body by being in the car rolling over and over again at a high right of speed.

     g.  Even after surgery is performed, as Dr. Marano stated Jack will not be returning to his pre-injury level of activity.

For purposes of compliance with the Idaho Code §12-120(4), General damages are estimated in excess of $150,000.00. I have also enclosed copies of all medical records, bills and other documents related to the above damages.

**Our Offer to Settle**

Jack, as indicated by many of the doctors, is a pleasant unassuming man who never asked to be in the present state he is. There is no cure or means to reverse what was done. Based upon the above, we believe that a fair resolution of this case would be $175,000.00. Deducting the $25,000 that is expected to be paid by Geico, the amount claimed against your company is $150,000.00.

If we file suit, additional damages will be sought, together with mandated attorney fees. I look forward to hearing from you within 21 days.

Sincerely,

David A. Johnson
Attorney at Law

DAJ/aj
Enclosures as stated
cc: Jack Dalton

# EXHIBIT B

David W. Knotts, ISB No. 3627
HAWLEY TROXELL ENNIS & HAWLEY LLP
877 Main Street, Suite 1000
P.O. Box 1617
Boise, ID 83701-1617
Telephone:  208.344.6000
Facsimile:  208-954-5201
Email: dknotts@hawleytroxell.com

Attorneys for Defendant CINCINNATI
INSURANCE COMPANY

IN THE DISTRICT COURT OF THE SIXTH JUDICIAL DISTRICT

OF THE STATE OF IDAHO, IN AND FOR THE COUNTY OF BANNOCK

| | |
|---|---|
| JACK DALTON,<br><br>Plaintiff,<br><br>vs.<br><br>CINCINNATI INSURANCE COMPANY,<br><br>Defendant. | Case No. CV-18-227-OC<br><br>28 USC 1446(D) NOTICE OF<br>REMOVAL |

TO: ABOVE-NAMED PLAINTIFF AND HIS COUNSEL OF RECORD; AND TO THE

CLERK OF THE DISTRICT COURT OF THE SIXTH JUDICIAL DISTRICT OF THE STATE

OF IDAHO FOR THE COUNTY OF BANNOCK:

PLEASE TAKE NOTICE that The Cincinnati Insurance Company filed, on the 15th day

of February, 2018, a Notice of Removal of the above-entitled case from the District Court of the

Sixth Judicial District of the State of Idaho, in and for the County of Bannock, to the United

States District Court for the District of Idaho, and said District Court of the Sixth Judicial

28 USC 1446(D) NOTICE OF REMOVAL - 1

District of the State of Idaho, in and for the County of Bannock, shall proceed no further unless

the case is remanded. A true and correct copy of the Notice of Removal is attached hereto  as

**Exhibit A** and by this reference incorporated herein as if set forth in full.

DATED THIS _15_ day of February, 2018.

HAWLEY TROXELL ENNIS & HAWLEY LLP

By _____

David W. Knotts, ISB No. 3627
Attorneys for Defendant CINCINNATI
INSURANCE COMPANY

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this _15_ day of February, 2018, I caused to be served a true copy of the foregoing 28 USC 1446(D) NOTICE OF REMOVAL by the method indicated below, and addressed to each of the following:

David A. Johnson, Esq.                          ☑ U.S. Mail, Postage Prepaid
David A. Johnson, P.A.                          ☐ Hand Delivered
477 Shoup Ave., Suite 109                       ☐ Overnight Mail
P.O. Box 52251                                  ☑ E-mail:
Idaho Falls, ID  83405-2251                     dave@attorneyidaho.com
***Attorney for Plaintiff Jack Dalton***        ☐ Facsimile: 208.523.4400
                                                ☐ iCourt

_____
David W. Knotts

28 USC 1446(D) NOTICE OF REMOVAL - 3

# EXHIBIT C

## Case History

### Cases for:   Dalton, Jack

### Bannock

### 1 Cases Found.

| | Jack Dalton vs. Cincinnati Insurance Company | | | | | | |
|---|---|---|---|---|---|---|---|
| Case: | **CV-2018-0000227-OC** | **District Filed: 01/18/2018** | Subtype: | **Other Claims** | Judge: | **Robert C Naftz** | Status: **Pending** |

Defendants: **Cincinnati Insurance Company**

Plaintiffs: **Dalton, Jack**

Register Date of actions:

| | |
|---|---|
| 01/18/2018 | Place Location Of File Here!!!!!update Me |
| 01/18/2018 | New Case Filed-Other Claims |
| 01/18/2018 | Complaint Filed |
| 01/18/2018 | Summons Issued |
| 01/18/2018 | Filing: AA- All initial civil case filings in District Court of any type not listed in categories E, F and H(1) Paid by: David A. Johnson, Attorney Receipt number: 0001900 Dated: 1/18/2018 Amount: $221.00 (Check) For: |
| 01/18/2018 | Plaintiff: Dalton, Jack Attorney Retained David A Johnson |
| 01/22/2018 | Miscellaneous Payment: For Making Copy Of Any File Or Record By The Clerk, Per Page Paid by: Nicol Barker Hawley Troxell Receipt number: 0002273 Dated: 1/22/2018 Amount: $13.00 (Credit card) |
| 01/22/2018 | Miscellaneous Payment: Technology Cost - CC Paid by: Nicol Barker Hawley Troxell Receipt number: 0002273 Dated: 1/22/2018 Amount: $3.00 (Credit card) |
| 02/14/2018 | Notice of Service-summons and complaint served by US Mail to the Director of the Department of Insurance, State of Idaho on 02/05/2018 |

*Connection: Public*

# EXHIBIT D

# Department of Insurance

## Licensed Professionals > Insurance Company and Producer Search

Search by Name    Search by License Number    Find An Agent    Other Searches    Company Information

### COMPANY INFORMATION

**Name: CINCINNATI INSURANCE COMPANY (THE)**

Address: 6200 SOUTH GILMORE ROAD
FAIRFIELD, OH 45014-5141

Phone: 513-870-2000
Web: www.cinfin.com

Company Type: Property or Casualty
License Number: **1606**
Date Admitted: 05/04/1984
License Status: **Active**
NAIC Code: 10677
NAIC Group Code: 0244

| Lines |
|---|
| Casualty, Including Workers' Compensation |
| Marine and Transportation |
| Property |
| Surety |

### Affiliated Producers

| Producer Name | City | State | License Number | Lines | Appointment Date |
|---|---|---|---|---|---|
| ADDIS, ANDREW | WAYNE | PA | 608738 | Casualty, Property | 05/16/2017 |
| ADVOCATE INSURANCE SERVICE, INC | SANDPOINT | ID | 38441 | | 01/15/2013 |
| ALLEN, JAMIE | KUNA | ID | 595890 | Casualty, Property | 01/22/2018 |
| ALLIANT INS SERVICES INC | SAN DIEGO | CA | 72285 | | 09/23/2016 |
| ALLIANT INS SERVICES INC | SAN DIEGO | CA | 599219 | | 09/23/2016 |
| ANDERSON, PAUL | VANCOUVER | WA | 368730 | Casualty, Property | 01/31/2011 |
| APPEL, DANIEL | INDIANAPOLIS | IN | 29133 | Casualty, Property | 12/21/2015 |
| ARCHIBALD INSURANCE CENTER INC DBA: | REXBURG | ID | 58102 | | 02/15/2006 |
| ARCHIBALD, DON | REXBURG | ID | 5357 | Casualty, Property | 12/07/2004 |
| ARENSMEYER, FAITH | REXBURG | ID | 409786 | Casualty, Property | 05/01/2014 |
| ARIZONA FEDERAL INSURANCE SOLUTIONS, LLC DBA: | GILBERT | AZ | 137423 | | 11/08/2012 |

# EXHIBIT E

# Jon Husted
## Ohio Secretary of State

Jon Husted & the Office | Elections & Voting | Campaign Finance | Legislation & Ballot Issues | Businesses | Records | Media Center | Publications

## Business Filing Portal
your BUSINESS begins here

General Information | Business Search | Trade Mark/Service Mark Search | Prepayment Account | Business Report Download | Help

Business Name
Business Name & Detail
Detailed Business Search
Number Search
Agent/Contact Name
Agent/Contact Name Detail
Prior Business Name

## Corporation Details

| Corporation Details | | |
|---|---|---|
| Entity Number | 219407 | |
| Business Name | THE CINCINNATI INSURANCE COMPANY | |
| Filing Type | CORPORATION FOR PROFIT | |
| Status | Active | |
| Original Filing Date | 08/02/1950 | |
| Expiry Date | | |
| Location: FAIRFIELD | County: BUTLER | State: OHIO |

| Agent / Registrant Information |
|---|
| STEVE CORBLY<br>P.O. BOX 145496<br>CINCINNATI,OH 452505496<br>Effective Date: 01/25/2018<br>Contact Status: Active |

| Incorporator Information |
|---|
| JOHN J SCHIFF JR<br>ROBERT C SCHIFF<br>V H BECKMAN JR |

| Filings | | |
|---|---|---|
| Filing Type | Date of Filing | Document Number/Image |
| DOMESTIC ARTICLES/FOR PROFIT | 08/02/1950 | C214_0854 |
| DOMESTIC/AMENDMENT TO ARTICLES | 03/10/1953 | C214_0860 |
| DOMESTIC/AMENDMENT TO ARTICLES | 08/16/1955 | C214_0863 |
| DOMESTIC/AMENDMENT TO ARTICLES | 03/29/1957 | C214_0866 |
| DOMESTIC/AMENDMENT TO ARTICLES | 03/19/1959 | B092_0470 |
| DOMESTIC/AMENDMENT TO ARTICLES | 03/13/1962 | B252_0436 |
| DOMESTIC/AMENDMENT TO ARTICLES | 08/01/1966 | B467_0851 |
| DOMESTIC/AMENDMENT TO ARTICLES | 11/03/1966 | B479_1094 |
| DOMESTIC/AMENDMENT TO ARTICLES | 03/29/1968 | B550_1056 |
| DOMESTIC/AMENDMENT TO ARTICLES | 05/02/1973 | B878_0106 |
| DOMESTIC/AMENDMENT TO ARTICLES | 04/01/1986 | F865_0137 |
| DOMESTIC AGENT ADDRESS CHANGE | 04/24/1986 | F880_0904 |
| DOMESTIC AGENT SUBSEQUENT APPOINTMENT | 04/30/1987 | G150_1075 |
| DOMESTIC CONTINUED EXISTENCE LETTER | 09/09/1993 | 000000070266 |
| DOMESTIC CONTINUED EXISTENCE | 12/08/1993 | 000000070267 |
| DOMESTIC AGENT SUBSEQUENT APPOINTMENT | 03/16/1999 | 199909900164 |
| DOMESTIC AGENT SUBSEQUENT APPOINTMENT | 11/08/2002 | 200231202196 |
| DOMESTIC AGENT SUBSEQUENT APPOINTMENT | 10/21/2013 | 201329601573 |
| TRADE NAME/ORIGINAL FILING | 05/06/2014 | 201412601653 |
| TRADE NAME/CANCELLATION | 07/23/2015 | 201520401864 |
| DOMESTIC AGENT SUBSEQUENT APPOINTMENT | 01/25/2018 | 201803003580 |

Return To Search Page | Return To Search List | Printer Friendly Report